# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAE YUNG KIM, | NO. CV 14-89- R (AFM) |
| Petitioner, | |
| v. | [PROPOSED] PROTECTIVE ORDER |
| A.M. GONZALES, Warden. | |
| Respondent. | |

Pursuant to this Court's order on August 12, 2015, the parties hereby submit the following joint proposed order:

The Court hereby enters a Protective Order regarding the following: (1) the declaration of Ellen Turlington, filed under seal in this matter as Exhibit 4 to Petitioner's Supplemental Opposition to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus ("Supplemental Opposition"); (2) the declaration of habeas counsel, David P. Elder, filed under seal in this matter as Exhibit 5 to Petitioner's Supplemental Opposition; (3) the declaration of Alane Mabaquiao, filed under seal in this matter as Exhibit 6 to Petitioner's Supplemental Opposition; and (4) a billing invoice of habeas counsel, David P. Elder, filed under seal in this matter as Exhibit 7 to Petitioner's Supplemental Opposition. This Protective Order will extend to any

reference to the sealed materials in the parties' pleadings submitted to the Court.[1] Nothing in this Protective Order prevents Petitioner from seeking to expand this Protective Order, or Respondent from opposing any motion seeking to expand this Protective Order, in the event that further briefing or an evidentiary hearing requires the disclosure of additional protected materials.

1. On July 9, 2015, Petitioner Jae Yung Kim filed his Supplemental Opposition. In the Supplemental Opposition, Kim included facts and statements from his habeas counsel related to Kim's representation that Kim claims are protected by attorney client privilege and the work product doctrine.[2]

2. The protected materials disclosed in this action may be used only for purposes of litigating this habeas corpus proceedings by: a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this action by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this action by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses. This Protective Order extends to members of the legal team and all persons retained by the Parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

---

[1] Exhibits 5, 6, and 7, which were filed under seal and sealed portions of Exhibit 4, which are the subject of the Protective Order will be referenced as "protected materials."

[2] The Respondent does not agree that the protected materials contain work product.

2

3. Except for disclosure to persons and agencies described in Paragraph 2, disclosure of the protected materials shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without a court order.

4. The protected materials shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the documents.

5. Any document that is not confidential, privileged or otherwise protectable in its entirety will not solely be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Because the parties are likely to discuss the privileged material, the parties request, simultaneously with the filing of the redacted document, an un-redacted copy of the document shall be filed with an application to file the un-redacted copy under seal. The un-redacted copy shall be served on the opposing party. As set forth in paragraph 6, the application shall comply with Local Civil Rule 79-5.

6. Protected material may only be filed under seal pursuant to a court order authorizing the sealing of the specific protected material at issue. A party that seeks to file under seal any document or item containing protected material must comply with Local Rule 79-5. The application required by Rule 79-5 shall explain why the document or items falls within the ambit of this Protective Order. If a party's request to file protected material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court. If the Court grants the application to have additional materials filed under seal, the newly-sealed, protected materials shall include a caption page that includes the following confidentiality notice or its equivalent:

**TO BE FILED UNDER SEAL**

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

7. Petitioner's disclosure of protected materials in this case does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in event of any retrial.

8. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

IT IS SO ORDERED.

Dated: September 10, 2015

HON. ALEXANDER F. MACKINNON
United States Magistrate Judge

Presented by:

/s/ *Jelani J. Lindsey*
JELANI J. LINDSEY
Deputy Federal Public Defender

/s/ *Esther P. Kim*
ESTHER P. KIM
Deputy Attorney General